CONSOLIDATED CHOLLAR GOULD & SAVAGE MINING CO., A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104195, 105095. Promulgated February 4, 1942.

*John D. Gallaher, Esq.*, and *William A. Boekel, Esq.*, for the petitioner.

*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

KERN: The question which is here presented for decision is whether the "dumps" which were deposited upon petitioner's premises from adjacent mines and from which ore was extracted can be considered as a mine within the meaning of section 114 (b) (4), set out above, and section 23 (m),[2] which sections appear as quoted in the Revenue Acts for both 1936 and 1938.

In *Atlas Milling Co.* v. *Jones*, 115 Fed. (2d) 61 (certiorari denied, 312 U. S. 686), the taxpayer, pursuant to its rights under a lease contract, went upon certain lands and removed crushed rock which constituted the residue from mining and milling operations carried on by the owners of the premises. By reason of a new extraction process it had become profitable to remill and retreat such "tailings" or residue. This the taxpayer did. It was held that taxpayer was not entitled to percentage depletion. In its opinion the court said in part:

A "mine" is an excavation in the earth from which ores, coal, or other mineral substances are removed by digging or other mining methods. In its broader sense it denotes the vein, lode, or deposit of minerals. Mining connotes the removal of minerals from a natural deposit. It does not embrace the reworking of mineral dumps artificially deposited from the residue remaining after the ore has been milled and concentrates removed therefrom. *So. Utah Mines & Smelters* v. *Beaver County*, 262 U. S. 325, 332. In the case last cited the court said:

> The tailings severed and removed from the mining claims, changed in character, placed on other and separate lands and having an ascertained and adjudicated value of their own, in our opinion, constituted a unit of property entirely apart from the mine from which they had been taken. See *Forbes* v. *Gracey*, 94 U. S. 762, 765.

Ores when severed from their natural deposit become personal property. Trover and conversion will lie for their wrongful taking.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In any case in which it is ascertained as a result of operations or of development work that the recoverable units are greater or less than the prior estimate thereof, then such prior estimate (but not the basis for depletion) shall be revised and the allowance under this subsection for subsequent taxable years shall be based upon such revised estimate. In the case of leases the deductions shall be equitably apportioned between the lessor and lessee. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each. For percentage depletion allowable under this subsection, see section 114 (b), (3) and (4).)

While tailings deposited on the surface of land may become appurtenant to the land, they in no true sense become a mine.

We are of the opinion that the word "mines" as used in, § 23, supra, is limited to natural deposits and does not include a tailings dump deposited on the surface of land, consisting of the residue of ore that has been severed and milled.

\* \* \* \* \* \* \*

\* \* \* Here, Atlas [the taxpayer] owns no economic interest in the mine from which the minerals were severed. To entitle it to depletion we would have to hold that the tailings, not a natural deposit but ore-bearing rock artificially deposited on the surface of the ground, constitutes a mine within the meaning of § 23, supra. We are of the opinion that it may not be so regarded. \* \* \*

Petitioner here seeks to distinguish this proceeding from that case. It argues that there the court had before it a problem having to do with "tailings" made up of the residue of rock left after it had once been milled, whereas here the dumps were made up of broken rock which had never been milled and within which the ore was still deposited.

We consider this difference to be immaterial. The dumps of petitioner were of "ore-bearing rock artifically deposited on the surface of the ground", and the petitioner had no economic interest in the mines from which such rock was severed. These are the determinative facts which bring this proceeding within the reasoning of *Atlas Milling Co.* v. *Jones, supra.* See also *Carl M. Britt*, 43 B. T. A. 254.

The distinction between this proceeding and *Kennedy Mining & Milling Co.*, 43 B. T. A. 617, is obvious. In that case the "tailings" were from ore-bearing rock severed from mines owned and operated by the taxpayer. Under those circumstances, we said:

\* \* \* The economic interest of this petitioner in the tailings and in the minerals to be extracted therefrom was identical with the interest it had maintained through its ownership of the mine from beginning to end of the extractive process; and when it finally received the proceeds of the minerals contained in the tailings it received income from the contents of the mine to exactly the same extent as the income it had previously received from the earlier and more rudimentary refining process. \* \* \*

Deductions for depletion are matters of legislative grace, *Ozark Chemical Co.* v. *Jones*, 245 Fed. (2d) 1, and none more so than deductions on account of percentage depletion. Since the petitioner has not brought itself clearly within the act, he can not claim the deduction sought.

At the hearing herein the parties entered into certain stipulations with regard to petitioner's income for the years in question to which consideration shall be given by counsel in preparing recomputations of petitioner's tax liability in accordance with this opinion.

*Decision will be entered pursuant to Rule 50.*